# EXHIBIT B

Case 1:01-cv-00067-HJW    Document 89-3    Filed 09/08/2003    Page 1 of 4

LEXSEE 1998 OHIO APP. LEXIS 81

**LINDA M. COGAR, et al., Appellants v. SCHEETZ CONSTRUCTION CO., et al., Appellees**

**C.A. NO. 18501**

**COURT OF APPEALS OF OHIO, NINTH APPELLATE DISTRICT, SUMMIT COUNTY**

*1998 Ohio App. LEXIS 81*

**January 14, 1998, Decided**

**PRIOR HISTORY:** [*1] APPEAL FROM JUDGMENT ENTERED IN THE COMMON PLEAS COURT. COUNTY OF SUMMIT, OHIO. CASE NO. CV 95 07 2385.

**DISPOSITION:** Judgment reversed, and cause remanded.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff and her husband sought review of a decision of the Summit County Court of Common Pleas (Ohio), which granted the motion for summary judgment filed by defendant general contractor.

**OVERVIEW:** Plaintiff worked for a cleaning company, which cleaned the auto auctions facilities. The auto auction contracted with the general contractor for expansion and other improvements to its facilities. The general contractor subcontracted with a masonry company for some of the work. One night when plaintiff arrived at the auto auction she was unable to park in the back of the building near the maintenance door because the masonry company had placed equipment in that area. The construction equipment also blocked her view of the maintenance door. Later that evening as she was attempting to dispose of garbage through the maintenance door, she fell 14 inches to the ground, because the step and pavement had been removed by the masonry company. Plaintiff and her husband sought damages from the auto auction and the general contractor. Plaintiffs challenged the summary judgment in favor of the general contractor. The court reversed and determined that the trial court erred when it concluded that the general contractor had no duty to plaintiff. The court found that genuine issue of fact remained to be resolved as to the general contractor's breach of that duty.

**OUTCOME:** The court reversed the summary judgment in favor of the general contractor in plaintiffs' action for damages resulting from the injured party falling in an area where the general contractor was working.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Summary Judgment > Summary Judgment Standard Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN1] Under Ohio Civ. R. 56, a trial court may grant summary judgment if (1) no genuine issue exists as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party after construing the evidence in the light most favorable to the nonmoving party. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.

*Torts > Negligence > Negligence Generally*
[HN2] A plaintiff alleging negligence must prove four things: that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty. Duty is generally a question of law; breach of duty, proximate cause, and damages are generally questions of fact.

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN3] The presence of genuine issues of material fact make summary judgment inappropriate.

**COUNSEL:** CHRISTIAN R. PATNO, Attorney at Law, Cleveland, Ohio, for Appellants.

ANN MARIE O'BRIEN, Attorney at Law, Akron, Ohio, for Appellee Scheetz Building Corporation.

**JUDGES:** JOHN W. REECE, Judge. QUILLIN, P. J., BAIRD, J. CONCUR.

**OPINIONBY:** JOHN W. REECE

**OPINION:** DECISION AND JOURNAL ENTRY

Dated: January 14, 1998

This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:

REECE, Judge.

Appellants Linda and Lawrence Cogar appeal from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of appellee Scheetz Building Corporation ("Scheetz"). We reverse and remand.

In May 1994, Linda Cogar was an employee of Maxim Cleaning, which had contracted with Akron Auto Auction ("Akron Auto") for cleaning and janitorial services. Linda had been performing cleaning services at Akron Auto for several months prior to that time. Her duties included taking the day's trash out to a dumpster.

In February 1994, Akron Auto entered [*2] into a contract with Scheetz for construction services. The contract called for Scheetz to expand and make other improvements to Akron Auto's facilities. Part of this construction would affect the main building on the property. Scheetz subcontracted with Hercules Masonry for some of the work.

On May 31, 1994, Linda arrived at Akron Auto at about 7:00 p.m. to begin her work. She would normally park in the back of the main building, near a maintenance door, and enter and leave the building using that door. However, on this occasion several pieces of construction equipment were parked in that area, making it impossible for Linda to park there. The construction equipment also blocked her view of the maintenance door. As a result, Linda parked at the main door, on the other side of the building.

Linda cleaned inside the building until about 8:30 p.m., when she went to the maintenance door to put out the trash. She opened the door and, without looking, threw out two or three filled garbage bags. Normally, a cinder block was placed below the doorway, which was used as a step down to the pavement. However, on this occasion the step and the pavement had been removed by Hercules Masonry, at [*3] Scheetz's direction. Consequentially, when Linda went to put her foot on the step, she dropped at least 14 inches to the ground. As a result of her fall, Linda sustained injuries to her foot.

The Cogars filed suit against Akron Auto and Scheetz in the Summit County Court of Common Pleas, alleging negligence on the part of the defendants. Thereafter, various cross-claims and third-party complaints were filed in the case. Scheetz later moved for summary judgment, which the Cogars opposed.

On March 25, 1997, the trial court granted Scheetz's motion for summary judgment, finding that Scheetz owed no duty to Linda. The trial court later amended its order *nunc pro tunc* to include a finding under Civ.R. 54(B) that there was no just reason for delay. This timely appeal followed.

The Cogars assert one assignment of error, arguing that the trial court improperly granted summary judgment. We agree.

[HN1] Under Civ.R. 56, a trial court may grant summary judgment if

(1) no genuine issue exists as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving [*4] party after construing the evidence in the light most favorable to the nonmoving party.

*Frazier v. Depinet* (1992), 92 Ohio App. 3d 247, 249-50, 634 N.E.2d 1030. Appellate review of a lower court's entry of summary judgment is *de novo*, applying the same standard used by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App. 3d 487, 491, 609 N.E.2d 1272.

[HN2] A plaintiff alleging negligence must prove four things: "that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." *Cooperider v. Peterseim* (1995), 103 Ohio App. 3d 476, 479, 659 N.E.2d 882. "'Duty' is generally a question of law; 'breach of duty,' 'proximate cause,' and 'damages' are generally questions of fact." *Ricciardo v. Weber*, 1989 Ohio App. LEXIS 4833, *7 (Dec. 22, 1989), Licking App. No. CA-3452, unreported.

We first find that the trial court erred in determining that Scheetz owed no duty to Linda. Scheetz owed Linda a duty of ordinary care. n1 See *Kucharski v. National Eng. & Contracting Co.* (1994), 69 Ohio St. 3d 430, 633 N.E.2d 515, syllabus; *McGeary v. Reed* (1957), 105 Ohio App. 111, [*5] 114, 151 N.E.2d 789. Having determined that Scheetz owed Linda a duty of ordinary care, it must be

determined whether Scheetz breached that duty. Viewing the evidence in a light most favorable to Linda, we find that summary judgment is inappropriate on this issue. The president of Scheetz testified in his deposition that various signs and barricades were located in several places in Akron Auto's building, but he could not say whether specific warnings or barricades warned of the missing step outside the maintenance door on the day of Linda's injury. Linda testified in her deposition that no warning signs alerted her to the missing step. All these factors indicate an uncertainty as to whether Scheetz met its duty of ordinary care. See *Ott v. Lectromelt Casting Co., 1979 Ohio App. LEXIS 11431* (Dec. 5, 1979), Summit App. Nos. 9293 & 9295, unreported, at 4. A factual determination must be made as to whether Scheetz breached its duty, making summary judgment inappropriate.

   n1 This is true regardless of whether the "frequenter statutes," *R.C. 4101.11* and *4101.12*, apply in the case at bar.

[*6]

Scheetz argues that it should not be held liable because Linda did not look to see if the step was still there before exiting the maintenance door, and because she should have been alerted to danger by the presence of the construction machinery around the maintenance door. However, these facts would go to Linda's comparative negligence--whether and/or to what extent her negligence or Scheetz's negligence was the proximate cause of Linda's injuries. The apportionment of comparative negligence is for the trier of fact. See *Simmers v. Bentley Constr. Co. (1992), 64 Ohio St. 3d 642, 646, 597 N.E.2d 504*.

In sum, [HN3] the presence of genuine issues of material fact make summary judgment inappropriate. The Cogars' assignment of error is sustained.

Appellants' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed,*

*and cause remanded.*

*The Court finds that there were reasonable grounds for this appeal.*

*We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into* [*7] *execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.*

*Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).*

*Costs taxed to appellee Scheetz Building Corporation.*

*Exceptions.*

JOHN W. REECE
   FOR THE COURT

QUILLIN, P. J.

BAIRD, J.

CONCUR