UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICK E. NEWMAN,** | : | Case No. C-1-01 0067 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | |
| v. | : | PLAINTIFF RICK E. NEWMAN'S |
| | : | RESPONSE TO DEFENDANT |
| | : | THE PROCTER & GAMBLE |
| **THE PROCTER & GAMBLE** | : | COMPANY'S PROPOSED |
| **COMPANY, ET AL.,** | : | FINDINGS OF FACT AND |
| | : | CONCLUSIONS OF LAW |
| Defendants. | : | |

_____

Plaintiff Rick E. Newman ("Mr. Newman") responds as follows to the proposed findings of fact and conclusions of law submitted Defendant The Procter & Gamble Company:

## I.    INTRODUCTION

No response is necessary as the statements contained in this paragraph are set forth elsewhere in P&G's proposed findings of fact and conclusions of law.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Conclusion of Law No. 1.**  Summary judgment will be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. Civ. R. 56.

**Conclusion of Law No. 2.**  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**Conclusion of Law No. 3.**  To prove a claim for negligence, Plaintiff must show that the Defendant owed him some duty; that Defendant breached that duty; that a *proximate cause* exists between the breach and some subsequent injury of Plaintiff's; and that he actually suffered injury.  *Mussivind v. David* (1986), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

**Conclusion of Law No. 4.**  For a Plaintiff to recover, all of the elements of negligence must be demonstrated, including proximate cause.  *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 504 N.E.2d 19.

**Conclusion of Law No. 5.**  Evidence regarding the cause of an injury is incompetent unless it is presented in the form of an expert opinion.  *Darnell v. Eastman* (1970), 23 Ohio St.2d 13, 17, 261 N.E.2d 114, 116.

**Conclusion of Law No. 6.**  Expert opinions regarding the cause of event must be expressed in terms of probability, or in other words, that there is a greater than fifty percent likelihood that the event produced the injury at issue.  Stinson v. England (1994), 69 Ohio St.3d 451, 455, 633 N.E.2d 532, 537.

**Conclusion of Law No. 7.**  Fed. Evid. R. 702 states: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

**Conclusion of Law No. 8.** "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50.

**Finding of Fact No. 1.** Plaintiff brought this suit against P&G, alleging that: P&G was negligent in permitting sulfur dioxide to remain on its Ivorydale site, and as a result of that negligence, Plaintiff suffered personal injury when he inhaled sulfur dioxide.

**Finding of Fact No. 2.** Plaintiff did not suffer any immediate symptoms associated with the inhalation of sulfur dioxide, including choking, watery eyes, runny nose.

**Finding of Fact No. 3.** All chest x-rays and pulmonary function tests performed on Plaintiff have been normal.

**Finding of Fact No. 4.** The Court's deadline for Plaintiff's final identification of expert witnesses was March 2002.

**Finding of Fact No. 5.** To support his claim of injury, Plaintiff has identified three physicians as experts: Dr. Paul Hirsh, cardiologist, Dr. Kenneth Anderson, pulmonologist, and Dr. Harry Plotnick, toxicologist.

**Finding of Fact No. 6.** All three of these physicians have offered deposition testimony in this case.

**Finding of Fact No. 7.** Two of Plaintiff's treating physicians, Dr. Juan Herran and Dr. Virginia Loewenstine, have also been deposed.

**Finding of Fact No. 8.** Dr. Kenneth Anderson, Dr. Harry Plotnick, Dr. Juan Herran and Dr. Virginia Loewenstine were unable to testify to a reasonable degree of medical certainty that Plaintiff suffered any injury, pulmonary or otherwise, as a result of sulfur

dioxide exposure.

      **Finding of Fact No. 9.** Only one of these physicians, Dr. Paul Hirsh, has testified to a reasonable degree of medical certainty that Mr. Newman's current atrial fibrillation was caused by a pulmonary injury which was in turn caused by exposure to sulfur dioxide.

      **Finding of Fact No. 10.** Dr. Hirsh has never performed any pulmonary tests on Plaintiff.

      **Finding of Fact No. 11.** Dr. Hirsh cannot point to any other test which proves that Plaintiff ever suffered from any lung injury.

      **Finding of Fact No. 12.** All pulmonary tests that have been performed on Plaintiff since the date of the incident, including chest x-rays and pulmonary function tests, have been normal.

      **Finding of Fact No. 13.** Dr. Hirsh cannot point to any publication, treatise or other authority that sulfur dioxide can cause atrial fibrillation.

      **Finding of Fact No. 14.** Dr. Hirsh has never treated a patient with sulfur dioxide exposure.

      **Finding of Fact No. 15.** Dr. Hirsh admits that there are many other causes of atrial fibrillation.

      **Conclusion of Law No. 9.** Dr. Hirsh's testimony is incompetent under Fed. Evid. R. 702(1) because it is completely unsupported by the facts in evidence.

      **Conclusion of Law No. 10.** Without the support of reliable tests and procedures to corroborate his claims, Dr. Hirsh's opinion that a pulmonary injur, caused by sulfur dioxide exposure, caused Plaintiff's atrial fibrillation is incompetent under Fed. Evid. R.

702(2).

**Conclusion of Law No. 11.** "An expert opinion that is based on scientifically valid principles will satisfy Fed. Evid. R. 702; **an expert's subjective belief or unsupported speculation will not.**" *Id.* at 1038, citing *daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995), *cert. Denied* 516 U.S. 869, 116 S. Ct. 189, 133 L.Ed.2d 126 (1995)(emphasis added).

**Conclusion of Law No. 12.** Plaintiff has not satisfied his burden under *Stinson, supra*, to offer expert testimony that his alleged injuries were caused, to a reasonable degree of medical certainty, by any exposure to sulfur dioxide.

**Conclusion of Law No. 13.** Plaintiff has not satisfied his burden to show that his alleged injuries were proximately caused by any alleged negligence of P&G.

### III. CONCLUSION

No response is necessary as the statements contained in this paragraph are not proposed findings of fact and conclusions of law. To the extent a response is necessary, Mr. Newman denies the statements set forth in this paragraph.

    Respectfully submitted,

    ARNZEN & WENTZ, P.S.C.


BY: s/ Mary K. Molloy
    MARY K. MOLLOY (0003067)
    MARK G. ARNZEN
    BEVERLY R. STORM
    600 Greenup Street
    P.O. Box 472
    Covington, Kentucky 41012-0472
    (859) 431-6100

## CERTIFICATION OF SERVICE

      I hereby certify that a copy of the above was mailed via U.S. mail, postage prepaid, this 8th day of September 2003 to the following:

John C. Scott, Esq.
Joe Mordino, Esq.
Faulkner & Tepe, LLP
2200 Fourth & Vine Street
5 West Fourth Street
Cincinnati, Ohio 45202

Scott R. Thomas, Esq.
Jeanette N. Dannenfelser, Esq.
Furnier & Thomas, LLP
One Financial Way
Suite 312
Cincinnati, Ohio 45242

                                            S/ Mary K. Molloy